UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW B. D.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C25-5821-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. On March 13, 2022, Plaintiff applied for supplemental insurance benefits. After conducting a hearing, the ALJ issued a decision finding Plaintiff's anxiety disorder, depressive disorder and autism spectrum disorder are severe impairments; these impairments singly or in combination do not meet the requirements of a listed impairment; Plaintiff has the residual functional capacity (RFC) to perform a full range of work limited to simple tasks, allows for breaks after 2 hours, is performed where the general public is not typically present, that does not require teamwork or more than occasional adaptation to change and provides goals to employees; Plaintiff has no past relevant work but is not disabled because there are jobs that exist in significant numbers that Plaintiff can perform. Tr. 63-80.

ORDER REVERSING AND REMANDING - 1

Plaintiff contends the ALJ misevaluated the medical evidence, his testimony, the lay testimony and his RFC, and erred at step three. As relief he requests the Court remand the matter for further proceedings before a different ALJ.

As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.      Medical Evidence**

      **1.       Peter A. Weiss, PhD.**

Plaintiff contends the ALJ erroneously rejected Dr. Weiss's December 2023 opinion Plaintiff is markedly limited in his ability (1) to socialize, (2) to sustain concentration and persist, and (3) to adapt. Tr. 76-77.

As to Plaintiff's socialization limitations, the ALJ found "it is clear that the claimant has significant social limitations affecting his ability to interact with the general public and as part of a team." However, the ALJ rejected Dr. Weiss's opinion Plaintiff's depression and social anxiety markedly limited his ability to socialize as "not consistent with the record" because the record did not show "other reports of psychomotor slowing of difficulty with orientation." Tr. 76.

The Commissioner argues the record supports the ALJ's finding pointing to Plaintiff's normal orientation, (PMHP Dee Tr. 415), and psychomotor presentation. Tr. 414 and (LMHC Starroff, Tr. 873). The ALJ did not cite these portions of the record, and the Court declines to assume the ALJ considered this evidence as the Commissioner suggests. Moreover, the Commissioner's citations are selective. PMHP Dee noted Plaintiff's affect was congruent with anxious mood; his insight into his own condition "is not realistic," he does not cook, and cannot

ORDER REVERSING AND REMANDING - 2

handle finances, Plaintiff self isolates, can spend up to one hour with one good friend, has difficulty with handling stress and change and "needs help to function."  LMHC Starroff noted under Plaintiff's "signs and symptoms" he had generalized persistent anxiety, difficulty thinking or concentrating, pathological dependence, passivity, apprehensive expectation, seclusiveness or autistic thinking, and persistent irrational fears. Tr. 873. Although LMHC Starroff stated she does not know her client's "capabilities," she also stated, "Client demonstrates severe social anxiety & phobias around certain settings that would require social interactions." Tr. 874. Hence the records the Commissioner cites indicates Plaintiff has significant socialization limitations that are caused by social anxiety. This is consistent with Dr. Weiss's opinion Plaintiff is markedly limited in his socialization abilities due to depressive disorder and social anxiety disorder.

The Court finds the ALJ's finding Dr. Weiss's opinion Plaintiff is markedly limited in his socialization abilities is not consistent with the record is not supported by substantial evidence and must be reassessed on remand.

The ALJ also rejected Dr. Weiss's opinion that Plaintiff is markedly limiting in his ability to sustain concentration and persist, and (3) to adapt. Tr. 76-77. Although Dr. Weiss assessed marked limitations as to concentration and persistence, the doctor also opined can understand and perform complex or multi-step instructions. The ALJ accepted this opinion finding it was supported by the doctor's assessment Plaintiff has "adequate attention and concentration," good insight, very good judgment, good abstract thinking, adequate math calculation, and good recent memory and adequate remote memory. Tr. 643-44. The ALJ included Dr. Weiss's opinion in determining RFC by limiting Plaintiff to work involving "simple tasks that allows a break after 2 hours."  As the ALJ incorporated Dr. Weiss's opinion that Plaintiff can understand and perform

ORDER REVERSING AND REMANDING - 3

complex or multi-step instructions in determining RFC, the Court finds the ALJ did not err as Plaintiff claims.

And lastly, the ALJ rejected Dr. Weiss's opinion Plaintiff is markedly impaired in his ability to adapt on the grounds the opinion is "inadequately supported by the doctor's findings and inconsistent with the record as a whole" which included improvement on medication, performing well during an IGA internship, and doing house chores when asked by his mother. Tr. 77. The ALJ's statement the doctor's finding are inadequate is a conclusory statement and insufficient. *See Embrey v. Bowen*, 849 F.2d 418 (9th Cir.1988). The ALJ's finding the record contradicts Dr. Weiss' opinion also lacks support. While Plaintiff may receive benefits from medications, LMHC Starroff who treated Plaintiff nonetheless stated: "Client demonstrates severe social anxiety & phobias around certain settings that would require social interactions." *See also* Tr. 20 (Plaintiff likely is "under-rating his levels of depression," he "continues to struggle . . .endorses frequent struggles with anxiety.").

The record also repeatedly indicates Plaintiff self-isolates and functions best at home. His ability to do a house chore at this mother's request is consistent with this and not substantial evidence contradicting the doctor's assessment about Plaintiff's adaptation limitations.

Plaintiff testified he was an unpaid intern at an IGA store for about a month volunteering on weekends stocking shelves. The ALJ's finding the internship went well disregards Plaintiff's testimony it did not go "as well" as Plaintiff hoped and that if a person came up to hm he would "freeze."  The short duration of the internship, the limited demands of the position, and Plaintiff's testimony of how it did not go well is not substantial evidence contradicting Dr. Weiss's adaptation limitations. *See e.g. Bonnie B. v. Saul*, 2020 WL 7695332 at * 5 (S.D. Cal. Dec. 2, 2020) (unsuccessful work attempt not grounds to discredit doctor's opinion).

ORDER REVERSING AND REMANDING - 4

The Court accordingly finds the ALJ erred in rejecting Dr. Weiss's opinions about Plaintiff's social and adaptation limitations and must reassess them on remand.

### 2.     Kathleen Dee PMHNP

The ALJ noted in 2022 PMHNP Dee opined Plaintiff could understand and carry out instructions, had moderate judgment and insight limits, can sustain concentration and persistence with simple and multi-step tasks. The found these opinions persuasive. The ALJ noted PMHNP Dee did not assess social limitations and rejected this assessment because of Plaintiff's history of difficulty interacting with others. The ALJ found PMHNP Dee's statement Plaintiff has no history of interacting well with co-workers or supervisors due to lack of employment inaccurate as Plaintiff worked as an intern at a grocery store and was offered a job. The ALJ further noted PMHNP Dee did not assess adaptive limitations.

It is unclear from Plaintiff's opening brief what error Plaintiff contends the ALJ committed in assessing PMHNP Dee's opinions. Plaintiff suggests the ALJ incorrectly found PMHNP Dee statement Plaintiff has never worked is inaccurate. But Plaintiff fails to articulate how the ALJ's determination constitutes harmful error. Plaintiff has the burden to show the ALJ committed harmful error in assessing PMHNP Dee's opinions and has failed to meet that burden. The Court accordingly will not disturb the ALJ's assessment of PMHNP Dee's opinions.

### 3.     Prior Administrative Medical Findings

Plaintiff contends the "ALJ's failure to properly evaluate all of the medical evidence is harmful error" as an ALJ who "properly evaluated the medical evidence" "could have reached a different disability determination." The Court rejects this contention. First, Plaintiff fails to meet his burden to show harmful error by simply stating the ALJ failed to properly evaluate the medical evidence. This is nothing more than a conclusory statement that fails to state how or

ORDER REVERSING AND REMANDING - 5

why the ALJ erred as a matter of law, or how or why the ALJ's findings are not supported by substantial evidence. And second, the contention "a different disability determination could have been reached" misstates the standard of review and further provides no basis for relief by failing to articulate any argument showing the ALJ erred or made an unreasonable determination not supported by substantial evidence.

**B.     Plaintiff's Testimony**

The ALJ did not find malingering and thus was required to provide clear and convincing reasons to reject Plaintiff's testimony. The ALJ noted Plaintiff stated he could not work "largely based on social anxiety." Tr. 68. The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence which the ALJ found shows Plaintiff has adequate or better cognitive functioning, including concentration and attention; Plaintiff does not need regular treatment and has not been treated for memory or concentration; Plaintiff has good eye-contact at sessions and is cooperative and polite;  Plaintiff's treatment record is sparse; there are gaps in treatment and no explanation for Plaintiff's failure to return to Drs Lo and Repphun for treatment; Plaintiff's mental health problems interfered with his ability to obtain treatment.

The Court finds the medical evidence does not support the ALJ's finding. The ALJ found and there is no dispute that Plaintiff has suffered from a variety of limiting mental health conditions causing significant social anxiety since he was a minor. Plaintiff was born in 2002 and thus much of the treatment he received was at the direction of his parents. Even as an adult, he relied upon his parents to arrange for, take him to medical appointments, and even be present in the examination room. The Court thus finds no basis to consider the amount of treatment or the lack of follow-up evidence that Plaintiff does not suffer from significant mental health problems and limitations because of choices that he made. The record also shows Plaintiff is not

ORDER REVERSING AND REMANDING - 6

cognitively deficient. He has never claimed he lacks sufficient brain power to perform tasks. Rather, as the ALJ acknowledged, Plaintiff's primary barrier to employment is his severe social anxiety, which is a limitation separate and apart from his cognitive ability. The Court further finds Plaintiff's cooperation and politeness at medical appointments not evidence of greater social ability than Plaintiff claims. Being polite or cooperative does not mean a person with paralyzing social anxiety will be able to leave the confines of a home and function socially in the workplace.

The ALJ also found Plaintiff's social anxiety is not a barrier to employment stating Plaintiff "prefers to avoid social interaction not that he is incapable of it."  The ALJ based this finding on how Plaintiff interacts well with providers and evaluators but as noted above, Plaintiff's politeness should not be equated with paralyzing social anxiety. The ALJ also based this finding on how Plaintiff had done okay during his internship at the grocery store, and the store wanted to keep him on and even increase his work duties.  But Plaintiff testified the internship did not go as well as he hoped, and he would freeze if someone asked him a very simple question. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1039 (9th Cir. 2007) (attempt to work for nine weeks not grounds to discount claimant's testimony).

The Court accordingly concludes the ALJ erred in discounting Plaintiff's testimony and must reassess it on remand.

**C.     Lay Testimony**

The ALJ stated he carefully considered Plaintiff's mother's testimony but discounted it largely for the same reasons the ALJ discounted Plaintiff's testimony. As the Court has found the ALJ erred in discounting Plaintiff's testimony, the ALJ shall reassess Plaintiff's mother's testimony. The ALJ also rejected the statement of the lay Department of Vocational

ORDER REVERSING AND REMANDING - 7

Rehabilitation (DVR) counselors as not based upon medical training, inconsistent with records showing improvement with medications, and inconsistent with the opinions of PMHNP Dee and Dr. Weiss. Plaintiff argues these are not germane reasons. However, PMHNP Dee opined Plaintiff had no social limitations and even though the ALJ did not fully accept that, Ms. Dee's opinion is inconsistent with the lay statements. Moreover, PMHNP Dee also opined Plaintiff can understand and carry out instructions, had moderate judgment and insight limits, can sustain concentration and persistence with simple and multi-step tasks. These opinions tend to undercut the DVR statements. The Court accordingly affirms the ALJ's determinations in this regard.

**D.      Step Three Finds and RFC Determination**

Because the ALJ erred assessing Dr. Weiss's opinions, and the testimony of Plaintiff and his mother, the ALJ on remand shall make new step three findings as appropriate. The Court rejects Plaintiff's request to find that he meets the requirements of a listed impairment. That finding depends upon the ALJ's reassessment of Dr. Weiss's opinion and any record development ordered by the ALJ.

Additionally, as the ALJ must reassess Dr. Weiss's opinions and the testimony of Plaintiff and his mother on remand, the ALJ may make a new RFC determination based upon his reassessment and development of the record.

**E.      Request for New ALJ**

Plaintiff requests the Court order a new hearing before a new ALJ because the ALJ's decision indicated Plaintiff's mental health symptoms and limits are volitional. The Court declines to do so. The request implies the ALJ is biased because the decision indicated Plaintiff's limitations appeared to be based upon his preferences rather than his complete inability to engage in social activities. But the ALJ never found Plaintiff has no limitations and in fact

ORDER REVERSING AND REMANDING - 8

acknowledged that Plaintiff has significant social limitations and other deficits flowing from severe mental health conditions. The line between what Plaintiff can and cannot do is one the ALJ must address. The Court finds the ALJ's decision contains nothing so overtly extreme that there is a clear basis to conclude the ALJ is unable to render fair judgment. *See Rollins v. Massanari,* 261 F.3d 853, 858 (9th Cir. 2001).

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess Dr. Weiss's opinions, and the testimony of Plaintiff and his mother; develop the record, reassess step three, and redetermine RFC as needed; and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 19th day of March, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 9